PER CURIAM.
 

 This is an appeal of an order summarily denying a motion under Florida Rule of Criminal Procedure 3.800(a). On appeal from a summary denial, this Court must reverse unless the postconviction record,
 
 see
 
 Fla. R.App. P. 9.141(b)(2)(A), shows conclusively that the appellant is entitled to no relief.
 
 See
 
 Fla. R.App. P. 9.141(b)(2)(D).
 

 
 *399
 
 In his Rule 3.800(a) motion tiled below, Arturo Varela asserted that, according to his plea agreement, he is entitled to 576 days credit for time served. The trial court denied the motion, stating that he had previously received all credit for time served. The trial court, however, did not attach any records refuting Varela’s claim to such credit. In Varela’s motion for rehearing, he argued that he has only been awarded 263 days credit for time served and that a written sentencing order awarding him credit has not been entered in the violation of probation case. The trial court again summarily denied the motion without attaching documentation conclusively refuting appellant’s claims. Because the record now before us fails to make the required showing, we reverse the order and remand for further proceedings. If the trial court again enters an order summarily denying the postconviction motion, the court shall attach record excerpts conclusively showing that the appellant is not entitled to the credit for time served.
 

 Reversed and remanded.